# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**(MARCHISOTTO v. GOODZEIT et al)**

**John F. Marchisotto** individually,
and as Guardian, of A.M., J.M., and.
M.M, minors,

         Pro Se Plaintiffs,

     v.

**Margaret Goodzeit,** individually, and
in her official capacity, as Presiding.
Judge, Somerset County Chancery,

     and

**Mr. Frank Bruno,** individually, and in
His official capacity, as the Somerset
County Surrogate,

        Defendants,

Civil Action
**3:19-cv-12540-BRM-DEA**

**NOTICE OF MOTION**

RECEIVED

MAY 3 1 2019

AT 8:30
WILLIAM T. WALSH
CLERK

PLEASE TAKE NOTICE   John F. Marchisotto

will move before the Honorable   Brian R. Martinotti, U.S.D.J. on July 01, 2019,

for an Order **SUPPLEMENTAL JURISDICTION,** pursuant to 28 U.S.C. §§ 1331, 1343, 1367, over any of Plaintiff(s) state claims; "In the Matter of the Irrevocable Trust of John L. Marchisotto, deceased," and **REQUIRED JOINDER OF PARTIES,** pursuant to, FRCP RULE 19 and 20. In support of my motion, I will rely on the attached brief.

**John F. Marchisotto**, individually, and as
Guardian of **A.M.**, **J.M.**, and **M.M.**, Minors
15 Topaz Drive,
Jackson, New Jersey, 08527
(732) 526-7732 Phone / Fax

Date:   05/31/2019

# CERTIFICATE OF SERVICE

On May 31, 2019, I, John F. Marchisotto, certify that a true and correct copy, of my Notice

of Motion for **SUPPLEMENTAL JURISDICTION,** pursuant to 28 U.S.C. §§ 1331, 1343, 1367,

over any of Plaintiff(s) state claims; "In the Matter of the Irrevocable Trust of John L. Marchisotto,

deceased," and **REQUIRED JOINDER OF PARTIES**, pursuant to, FRCP RULE 19 and 20 was

deposited for mailing at the Howell, New Jersey, U.S. Post Office, and served as follows:


Defendant Margaret Goodzeit,
20 North Bridge Street, 4th Floor,
Somerville, New Jersey 08876,
Certified Mail Article No.: **7018 3090 0001 4148 4198.**

Defendant Frank Bruno,
20 Grove Street, Somerville,
New Jersey 08876,
Certified Mail Article No.:**7018 3090 0001 4148 4204.**

Joinder Parties, Mr. Louis P. Lepore, Esq.,
attorney for Defendant Debra E. Canova,
885 Huguenot Avenue,
Staten Island, NY 10312,
 Certified Mail Article No.: **7018 3090 0001 4148 4211.**

Mr. John W. Thatcher, Esq., Guardian ad Litem
39 Main St.
Clinton, NJ 08809
Certified Mail Article No.: **7018 3090 0001 4148 4228.**


**John F. Marchisotto**, individually, and as
Guardian of **A.M.**, **J.M.**, and **M.M.**, Minors
15 Topaz Drive,
Jackson, New Jersey, 08527
Date:   05/31/2019         (732) 526-7732 Phone / Fax

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**John F. Marchisotto**, individually, and as Guardian, of **A.M.**, **J.M.**, and **M.M**, minors,

    Pro Se Plaintiffs,

    vs.

**Margaret Goodzeit,** individually, and in her official capacity, as **Presiding Judge**, Somerset County Chancery,

    and

**Mr. Frank Bruno,** individually, and in his official capacity, as the Somerset **County Surrogate**,

    Defendants

Case No. **3:19-cv-12540-BRM-DEA**

### AFFIDAVIT

### NOTICE OF MOTION FOR SUPPLEMENTAL JURISDICTION AND JOINDER OF PARTIES

---

1. I **John F. Marchisotto**, individually, and as Guardian of **A.M.**, **J.M.**, and **M.M**, minors, being of full age, on his oath, deposes and says:

2. I am the Pro Se Plaintiff in the above matter.

3. I herein, set forth, being duly sworn say, that on the 31 day of May 2019, I deposited for mailing at the Howell, N.J. U.S. Post Office, a true and correct copy, my Notice of Motion for **SUPPLEMENTAL JURISDICTION,** pursuant to 28 U.S.C. §§ 1331, 1343, 1367, over any of Plaintiff(s) state claims; "In the Matter of the Irrevocable Trust of John L. Marchisotto,

1

deceased," and **REQUIRED JOINDER OF PARTIES**, pursuant to, FRCP RULE 19 and 20, and served as follows:

4. Defendant Margaret Goodzeit, 20 North Bridge Street, 4th Floor, Somerville, New Jersey 08876, Certified Mail Article No.: **7018 3090 0001 4148 4198.**

5. Defendant Frank Bruno, 20 Grove Street, Somerville, New Jersey 08876, Certified Mail Article No.:**7018 3090 0001 4148 4204.**

6. Joinder Parties, Mr. Louis P. Lepore, Esq., attorney for Defendant Debra E. Canova, 885 Huguenot Avenue, Staten Island, NY 10312, Certified Mail Article No.: **7018 3090 0001 4148 4211.**

7. Mr. John W. Thatcher, Esq., Guardian ad Litem, 39 Main St., Clinton, NJ 08809, Certified Mail Article No.: **7018 3090 0001 4148 4228.**

**John F. Marchisotto**, individually,
and as Guardian of **A.M.**, **J.M.**, and **M.M.**,
Pro Se Plaintiffs,
15 Topaz Drive,
Jackson, New Jersey, 08527
(732) 526-7732 Phone / Fax

I am subject to punishment.
Sworn to and subscribed
before me this ___ day of May ,2019

Notary Public

**HEATHER BAILEY**
Notary Public
State of New Jersey
My Commission Expires May 4, 2020
I.D.# 2452473

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **John F. Marchisotto**, individually, and as Guardian, of **A.M.**, **J.M.**, and **M.M**, minors, <br><br> Pro Se Plaintiffs, <br><br> vs. <br><br> **Margaret Goodzeit**, individually, and in her official capacity, as **Presiding Judge**, Somerset County Chancery, <br><br> and <br><br> **Mr. Frank Bruno,** individually, and in his official capacity, as the Somerset **County Surrogate**, <br><br> Defendants | Case No. 3:19-cv-12540-BRM-DEA <br><br><br> The Honorable Brian R. Martinotti <br><br><br><br><br> R E C E I V E D <br><br> MAY 3 1 2019 <br><br> AT 8:30 <br> WILLIAM T. WALSH ——M <br> CLERK |

---

## PLAINTIFF'S BRIEF IN SUPPORT OF
## MOTION FOR SUPPLEMENTAL JURISDICTION
## AND JOINDER OF PARTIES

Plaintiffs **John F. Marchisotto**, individually, and as Guardian of **A.M.**, **J.M.**, and **M.M**, minors, respectfully submits this brief in support of their motion before the Court, for **SUPPLEMENTAL JURISDICTION,** pursuant to 28 U.S.C. §§ 1331, 1343, 1367, over any of Plaintiff(s) state claims; "In the Matter of the Irrevocable Trust of John L. Marchisotto, deceased", and in

1

support of their motion for the Court to join, the **REQUIRED JOINDER OF PARTIES**, pursuant to, FRCP RULE 19 and 20, state as follows:

## INTRODUCTION

1.      Plaintiff(s) complaint contains federal constitutional claims, such that it properly satisfies the requirements, for federal subject matter jurisdiction, under 28 U.S.C. § 1331. In such case, the court also has supplemental jurisdiction over any of plaintiff's state claims, "In the Matter of the Irrevocable Trust of John L. Marchisotto, deceased", which form part of the same case or controversy under Article III at issue in plaintiff's federal claims.

2.      Plaintiff(s) have filed this action in federal court asserting federal and state law claims. Plaintiff(s) move before the Court, to exercise supplemental jurisdiction over their state law claims, pursuant to 28 U.S.C. §1367(a).

3.      Pursuant to Article III § 2, which extends the jurisdiction, to cases arising under the U.S. Constitution. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

4.      Under 28 U.S.C. § 1331, district courts exercise original jurisdiction over civil actions arising under the Constitution, laws, and treaties of the United States. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court

2

"shall have supplemental jurisdiction over all other claims in the action, within such original jurisdiction that they form part of the same case, or controversy under Article III [of the Constitution]."

## DISCUSSION

### RULE 19

5.    Under Rule 19(a)(1)(a) of the FRCP, a party must be joined as a defendant if "in that person's absence, the court cannot accord complete relief among existing parties. Here, the court cannot accord complete relief to the Plaintiff(s), without obtaining supplemental jurisdiction over any of plaintiff's state claims, "In the Matter of the Irrevocable Trust of John L. Marchisotto, deceased", which form part of the same case or controversy under Article III at issue in plaintiff's federal claims, and the parties involved.

### RULE 20

6.    Under Rule 20(a)(2) of the FRCP, the Court may join a party as a defendant if (a) a right to relief is asserted against them that arises out of the same series of transactions or occurrences and (b) any question of law or fact common to all defendants will arise in the action. These requirements are met because Plaintiff(s) state claims, "In the Matter of the Irrevocable Trust of John L. Marchisotto, deceased", Questions of law or fact at issue in this case,

and federal constitutional claims, apply equally to Louis P. Lepore, Esq., and Debra E. Canova, and the current Defendants.

## REQUIRED JOINDER PARTIES

***Defendant Louis P. Lepore, Esq., individually, and in his official capacity, as an out of state, New Jersey licensed attorney, and in his role as the Trust Protector, of the John L. Marchisotto, deceased, Irrevocable Trust.***

7.  Defendant Louis P. Lepore, Esq., 885 Huguenot Avenue, Staten Island, New York 10312, is a citizen of the United States, is a New York State licensed attorney, with an out of state, New Jersey attorney license. Mr. Lepore, Esq., has committed numerous criminal acts of fraud, perjury, elder financial abuse, tax fraud, notary fraud, and so on ...

***Defendant Debra E. Canova, individually, and in her role as Executor / Trustee, of the John L. Marchisotto, deceased, Estate, Revocable Trust, and Irrevocable Trust.***

8.  Defendant Debra E. Canova, 46 Meagan Loop, Staten Island New York 10307, is a citizen of the United States, owner of, SNAPSHOTS STUDIOS NY INC., DOS ID #3527704, 1 MAIDEN LANE, 5TH FLOOR, New York, New York, 10038. Mrs. Canova, has committed numerous criminal acts of fraud, perjury, elder financial abuse, tax fraud, forgery, *Breach of Fiduciary Duties,* and for causing financial harm to Minors, A.M., J.M, and M.M., fraudulently opening Fidelity Financial UTMA accounts, in their names, and unauthorized

use of their minor child social security numbers, for the purpose of committing, Federal, New Jersey State, and New York State, tax fraud. Debra E. Canova, was self-dealing, and stealing, Revocable Trust, assets, Life Insurance Benefits, Irrevocable Trust assets, theft from her personal use of decedents Credit Card's, and was stealing, decedent's monthly BAE pension deposits, and Social Security benefit deposits. Debra E. Canova used her Snapshots Studios, Inc. business to photoshop and changed the financial numbers on numerous Chase and Fidelity Financial Statements, cancelled checks, and Tax Returns, submitted to the Somerset County Court.

## STANDARD

9. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Supplemental jurisdiction exists over state-law claims where the federal and state claims in the case "derive from a common nucleus of operative fact' and are 'such that [the party] would ordinarily be expected to try the mall in one judicial proceeding. Southern Council of Industrial Workers v. Ford, 83 F.3d 966, 969 (8th Cir.1996) (citing Kansas Public Employees Retirement Sys. v.

5

Reimer & Koger, Assocs., Inc., 77 F.3d 1063, 1067 (8th Cir. 1996) (quotation omitted).

## JURISDICTION: FEDERAL QUESTION

10.    The Constitution states in Article III that "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." The scope of general federal question jurisdiction was shaped by the Supreme Court's determination of when a suit brought under a state law cause of action sufficiently involved a federal question. The Supreme Court established a procedural requirement that for a federal court to take jurisdiction, the issue of federal law had to be clearly presented in the plaintiff's complaint, a doctrine that became known as the "well-pleaded complaint rule. Starting in the 1920s, the Supreme Court held that the Fourteenth Amendment "incorporated" select provisions in the Bill of Rights to protect citizens against actions of state governments, and this doctrine opened up new avenues of suits for claims of constitutional rights.

11.    The "primary purpose" of federal question jurisdiction "is to ensure the availability of a forum designed to minimize the danger of hostility toward, and specially suited to the vindication of, federally created rights"; *Moore's Federal Practice* ¶ 103.03. Despite this purpose, state courts

are generally competent to adjudicate federal law; *Moore's Federal Practice* ¶ 103.04; *Tafflin v. Levitt*, 493 U.S. 455, 459 (1990).

12.    Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and (e), because a substantial part of the events or omissions giving rise to all claims occurred in this district where the District Defendant is located.

## SUPPLEMENTAL JURISDICTION

13.    Supplemental jurisdiction allows a court to adjudicate a claim or proceeding that has no independent basis for federal jurisdiction. Although § 1367 governs jurisdiction over claims that do not have an independent basis for jurisdiction, jurisdiction over *proceedings* that do not have an independent basis for jurisdiction is still governed by case law; *Moore's Federal Practice* ¶ 106.05[9][c]. "Under this concept, a district court acquires jurisdiction of a case or controversy in its entirety, and, as an incident to the full disposition of the matter, may hear collateral proceedings when necessary to allow it to vindicate its role as a tribunal." The purpose of this type of jurisdiction is to "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994). A court can exercise this jurisdiction to enjoin an action that threatens a previously entered order; *Fafel v. DiPaola*, 399 F.3d 403, 411– 15 (1st Cir. 2005)). A court can exercise this jurisdiction to impose sanctions even in a case where the court lacked

subject matter jurisdiction; *Willy v. Coastal Corp.*, 503 U.S. 131, 138–39 (1992).

## JURISDICTION SECTION 1367(a)

14. A court can exercise supplemental jurisdiction over a claim that has "some loose factual connection" to a claim already properly in federal court. Section 1367(a) states (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. 28 U.S.C. § 1367(a). Courts have interpreted the "so related" language to be satisfied when both the jurisdiction-invoking claim and the supplemental claim derive from a common nucleus of operative fact. The "common nucleus" test "requires only that the jurisdiction-invoking claim and the supplemental claim have some loose factual connection." *Id.* at 349. "This standard is broad and fact-specific, and should be applied with a pragmatic appreciation of the efficiency promoted by supplemental jurisdiction." *Id.* at 349–50; 16 *Moore's Federal Practice* ¶ 106.24[1].

## *1367(a): GRANTETH*

15.   1367(a) provides a statutory *grant* of supplemental jurisdiction ("SJ").

*Original jurisdiction?* Is there original jurisdiction over the action, such as 1331, 1332, 1335, 1338, or some other basis for "original" subject matter jurisdiction? If there is <u>no</u> basis for original jurisdiction, then SJ is <u>not possible at all</u>. In fact, if there is <u>no</u> basis for original jurisdiction, there's no subject matter jurisdiction at all!

*Same constitutional case?* Courts have understood 1367(a) to use the *Gibbs* test of "common nucleus of operative fact" ("CNOF"). Is there a CNOF between original-jurisdiction claims and supplemental claims? If not, then SJ is <u>not possible at all</u>. *Note*: it is not entirely clear whether CNOF means the same thing as "transaction or occurrence" ("T&O"). It would appear that if T&O is satisfied, then CNOF is as well. But CNOF may be somewhat broader than T&O.

*"Yes" to questions 1 and 2?* If so, then 1367(a) provides a statutory grant of SJ over any additional claims <u>and</u> the joinder or intervention of additional parties. That means you can add additional claims by existing parties, claims by additional parties, or both.

*Always remember and never forget:* Remember that 1367(a) *grants* SJ, but that the grant of SJ may be *taken away* by 1367(b), and that the court may decline to exercise SJ under 1367(c).

*SUPPLEMENTAL JURISDICTION OF CASES UPHELD*

*Cicio v. Does*, 321 F.3d 83, 97 (2d Cir. 2003).

*Ammerman v. Sween*, 54 F.3d 423, 424–25 (7th Cir. 1995)

*Hansen v. Board of Trs. of Hamilton*, 551 F.3d 599, 607 (7th Cir. 2008)

*Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008)

*Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 814 (9th Cir. 2002)

## STATEMENT OF CASE

16.     Mr. Louis P.  Lepore, Esq., assisted Debra E. Canova, in the preparation of a false and inaccurate, New Jersey Inheritance, and Estate Tax Return, (In the Matter of the Irrevocable Trust, of John L. Marchisotto, deceased), and notarizes, and signs, using his New York State, Notary Public stamp, and declares under penalty of perjury, this document is true, correct, and complete.

17.     Mr. Louis P. Lepore, Esq., assisted Mrs. Canova, in committing, forgery, fraud, theft, and elder financial crimes, by notarizing and signing, as a witness, to decedent's forged signatures, while he was hospitalized, or living in a nursing home,  allowing Debra E. Canova becoming a joint owner, of all of (John L. Marchisotto, deceased) Fidelity Financial and JP Morgan Chase accounts, using this fraudulent paperwork, allowing her to have, full access to all of Decedent's, Chase and Fidelity broker and Chase bank

accounts, for her to make, any unauthorized changes she wanted. Debra E. Canova, was not signing Decedent's financial documents, as his power of attorney, she was signing Decedents name, as him, while he was unable to care for himself, or handle any of his financial affairs, and living in a nursing home she put him in, or hospitalized; Haynes, supra, 87 N.J. at 176. Id. at 176-177 (quoting In re Rittenhouse's Will, 19 N.J. 376, 378, 378-79 (1955)).

18.    The Plaintiff(s) numerous times had demanded a full trust accounting with all supporting documentation, in writing to Mr. Louis P. Lepore, Esq., who continually refused, to provide an accounting, which the Plaintiff(s) had a legal right to, under the law. Mr. Lepore, Esq., continually threatened the Plaintiff, verbally and in writing, with No Contest Clause threats by him, to further his attorney misconduct, concealment of trust and estate assets theft, false inheritance and estate tax reporting, and forged signatures, and unauthorized changes, to Chase and Fidelity accounts, changing beneficiary designations. Mr. Lepore, Esq. also stating to the court, his destruction of evidence, which the Honorable Goodzeit seem to enjoy.

19.    Mr. Lepore, Esq., and Mrs. Canova, has continually made false statements about the existence of decedent's (John L. Marchisotto, deceased), journal diary book. Mr.   Lepore, Esq., and Mrs. Canova have perjured themselves, numerous times, about decedent's journal diary book, before the Somerset County Court. Mr. Frank A. Quainoo, CHHA, is a witness that he had personally seen Mrs. Canova and Mr. Lepore, Esq., with decedent's

journal diary book, on more than one occasion, and described his journal diary book in detail.

20. On November 21, 2016, Plaintiff met Mrs. Canova at Mr. Lepore, Esq., Staten Island New York office. Plaintiff asked Mrs. Canova for a copy of decedents journal diary book, in front of Mr. Lepore, Esq., Mrs. Canova stated she destroyed decedent's journal diary book, in the presence of Mr. Lepore, Esq. Decedent who was an engineer, was very detailed and all his after death bequests, and all of his assets were detailed within his 30 year old journal diary book.

21. On May 23, 2019, Mr. Lepore, Esq., stated to the Somerset County Court, he shredded decedent's Revocable Trust, and prior (11/03/2003) last Will documents, to unlawfully obstruct another party's access to evidence, or concealing a document or other material, having potential evidentiary value. Mr. Lepore destroying Revocable Trust and prior will (11/03/03) documents, is a clear breach of Trust Protector duties, and clearly shows attorney misconduct. Mr. Lepore, Esq., has continually concealed the theft, forgeries, change of account ownership, and beneficiary designations, and the false reporting of decedent's, Revocable, Irrevocable, Trust, and Estate Assets. Mr. Lepore, Esq., was falsely notarizing (NYS Notary Stamp) decedents' forged signatures by Mrs. Canova, while he was hospitalized, and living in a nursing home. The Honorable Margaret Goodzeit, is an absolute disgrace to, New

Jersey State Superior Court, and should be impeached, and removed from power.

22.    Mr. Lepore's conduct violated RPC 3.4(a), which forbids a lawyer from "unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value or counsel or assist another person to do any such act." Mr. Lepore's conduct violated RPC 3.4(b) which forbids a lawyer from "falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law," See Dewey, supra, 109 N.J. at 218.

23.    Mr. Lepore, Esq., has made false written statements in his and Mrs. Canova, answer to the March 15, 2018 OTSC and Verified Complaint, saying the Plaintiff(s) request an accounting, and then they rescind their requests.  Besides from the falsity of Mr. Lepore's ridiculous statements, Mr. Lepore, Esq., has continually tried to conceal the liquidation and theft of Estate and Revocable Trust assets, forgeries of checks, forgery of decedent's signature's adding Defendant Canova as a joint owner to all of his Chase and Fidelity accounts, forgery of decedent's signature changing beneficiary designations. Mr. Lepore, Esq., continually made verbal and written threats to the Plaintiff to further his attorney misconduct.

24.    Mr. Lepore, Esq., has made false written statements in his and Mrs. Canova,  answer to the March 15, 2018, OTSC and Verified Complaint,

stating that Mr. Lepore, Esq., had first met with decedent on March 11, 2016, which no such meeting had in fact, ever had occurred.

25. On May 11, 2016, a forged written and signed, decedent (John L. Marchisotto, deceased) Chase check, for $4,000, was paid to Mr. Lepore, Esq., by Mrs. Canova, to retain him to start, The Irrevocable Trust of John L. Marchisotto, deceased. On May 11, 2016, it would have been impossible for decedent, John L. Marchisotto, deceased, who had been hospitalized for over 10 days at Columbia Presbyterian Hospital, in NYC, to have met with Mr. Lepore, Esq., or could have been able to write, or give him such a check. The Irrevocable Trust is was started by a forged signature Chase check of the decedent, who was hospitalized, in unstable condition, and heavily medicated and it would have been impossible for him to consent.

26. Mr. Lepore, Esq., had also failed to perform the contract agreement of the Irrevocable Trust of the Decedent. Mr. Lepore, Esq., has acted fraudulently, dishonestly, with contents of contacts, by destroying documents, and failing to provide Plaintiff(s) with a detailed accounting, after numerous written requests were made. Mr. Lepore, Esq., has subjected the Plaintiff to numerous acts of intimidation, making continuous threats of disinheritance, and so on.

27. Mr. Lepore's DRAFT COPY of his INFORMAL ACCOUNTING, submitted to the Court, unsigned by him, incomplete, missing accounts, containing no supporting documentation, to support any of the financial

numbers or expenses fraudulently listed on it. Mr. Lepore, Esq., has failed to provide, a Full and Complete accounting, of the Irrevocable Trust, including any and all Revocable Trust assets, used to fund the trust, nor has he provided a Formal Accounting for Revocable Trust assets, to Irrevocable Trust assets, nor has he provided all the accounts owned, or that the decedent, John L. Marchisotto, deceased, had an interest in. Mr. Lepore, Esq., is a CONMAN, and COMPULSIVE LIAR, that has committed, numerous crimes, upon the Somerset County Court. The Honorable Goodzeit allowed these crimes, and attorney misconduct, to carry on, within the judges own Court.

28. Mr. Lepore, Esq., had conspired with Mrs. Canova, selling Plaintiff decedent's automobile, that Plaintiff was always to inherit. Decedent John L. Marchisotto, deceased, had even updated his Codicil Files in May 2012, which were exactly the same Codicil Files from December 2003. Mrs. Canova gave decedent's John L. Marchisotto, deceased, (Grandfathers Pio) Gold Watch to her husband Joe that Plaintiff was always listed to inherit. This watch was worth over $20,000, and it was improper, and a breach of Mrs. Canova fiduciary duties, to give this watch to her husband, that were not the decedent's wishes. Mrs. Canova gave decedent's John L. Marchisotto, deceased, (Diamond Ring and Gold Chain Necklace) that Plaintiff was also to inherit to her son Joseph. This ring, and gold chain was worth over $10,000, and it was improper, and a breach of Mrs. Canova, fiduciary duties, to give this ring and gold chain to her son. Decedent's John L. Marchisotto,

deceased, original signed copy of these Codicil's were hidden from probate, and not filed, with the probate court.

29. On 08/08/2018, Mr. Louis P. Lepore, Esq., FAILS TO STATE THE CASE STANDARD, Under N.J. Court Rule 4:6-2(E) IN ORDER TO DISMISS. Mr. Lepore, Esq., WAS NOT ENTITLED TO DISMISS, AS A DEFENDANT, based on his cause of actions, and attorney misconduct to the Plaintiff(s) Under RPC 8.4(c), RPC 8.4 (d), RPC 3.4 (a), RPC 3.4 (b), Trust Protector; Irrevocable Trust Section 2.11, and Trust Accounting; Irrevocable Trust Section 8.11 (Every reasonable inference is accorded the plaintiff {Printing Mart-Morristown v. Sharp Electronics Corp., 116 NJ. 739, 746 (1989)), and the motion is "granted only in rare instances and ordinarily without prejudice." Pressler, Current NJ. Court Rules, comment 4.1.1 on R. 4:6-2(e) (2009)).

30. On 08/08/2018, Mr. Lepore, Esq., use of Rule 4:37-2(b) was improper, which authorizes a defendant to move for a dismissal, only after a Plaintiff(s) has "completed the presentation of the evidence on all matters other than the matter of damages." Plaintiff(s) litigation was at the very earliest stages, where Exceptions to the Accounting had not yet been filed with the Court, financial and medical information requested from subpoenas, has not yet been obtained, Interrogatories, Admissions, Depositions of witnesses and defendants, have not yet been taken, nor has a full discovery been clarified by the Court in regards to Case Management Orders; (Perth

Amboy Iron Works v. Am. Home., 226 N.J. Super. 200, 215 (App. Div. 1988) (holding that the judge's action in imposing an involuntary dismissal under Rule 4:37-2(b) before plaintiff presented its entire liability case was procedurally inappropriate), aff'd, 118 N.J. 249 (1990)).

31.    Plaintiff(s) were seeking sanctions, punitive damages, fees and all costs incurred, against Mr. Louis P. Lepore, Esq., for his attorney misconduct, negligence, conspiracy, and for the act, omission, or forbearance was motivated by an actual intent to harm the beneficiaries of the trust or was an act of self-dealing for personal benefit.  Mr. Lepore, Esq., has intended to cause harm to Plaintiff(s) financially, making numerous threats, concealing the theft of Revocable trust assets, and estate assets and property, for his personal Unjust Enrichment.

32.    Unjust Enrichment, under New Jersey law, a claim under the quasi-contractual theory of unjust enrichment has two essential elements: "(1) that the defendant has received a benefit from the plaintiff, and (2) that the retention of the benefit by the defendant is inequitable." Mr. Lepore, Esq., act, omission, or forbearance, was motivated an act of self-dealings, for his personal benefit, driving up attorney's fees for his own negligence, malpractice, and attorney misconduct, to the decedent's Irrevocable Trust, and Estate, towards the Plaintiff(s); (Trust Protector; Irrevocable Trust Section 2.11 (a) (g)); Hirsch v. Travelers Ins. Co., 134 N.J. Super. 466, 470 (App. Div. 1975) (citing D'Ippolito v. Castoro, 51 N.J. 584, 588 (1968). A simple mistake

may be a sufficiently wrongful act, as there is no requirement of fraudulent or nefarious intent. Flanigan, supra, 175 N.J. at 608 (2003).

33.     Debra E. Canova and Mr. Louis P. Lepore, Esq., both engaged in "Fraud," and "Elder Financial Abuse." Mrs. Canova and Mr. Lepore, Esq., had taken advantage of the decedent, who was 78 year old, very sick, very weak, hospitalized, and living in a nursing home, for their own self-dealings, and personal financial benefit. Mrs. Canova and Mr. Lepore committed theft by deception, to the decedent. Mrs. Canova and Mr. Lepore, lied to John L. Marchisotto, deceased, telling him, his longtime 11/03/2003 living will, and Revocable Trust, was not legal, because it had, his Brooklyn, New York address on it. Mrs. Canova, wrongful acts, theft, forgeries, of Revocable Trust, Irrevocable Trust, Estate, and his personal property assets, resulted in her becoming unjustly enriched, for her fraudulent or nefarious intent. Hirsch v. Travelers Ins. Co., 134 N.J. Super. 466, 470 (App. Div. 1975) (citing D'Ippolito v. Castoro, 51 N.J. 584, 588 (1968). A simple mistake may be a sufficiently wrongful act, as there is no requirement of fraudulent or nefarious intent. Flanigan, supra, 175 N.J. at 608 (2003).

34.     Mr. Lepore, Esq., has stated before the Somerset County Court, that he and his client have done nothing wrong, and the Plaintiff(s) hands were the unclean ones. There should have been no reason than, for Mr. Lepore, Esq., continuously trying to quash any of Plaintiff(s) subpoena requests.

35.     The Honorable Margaret Goodzeit, has obstructed justice, with her continuous one sided, bias, and unlawful court orders. The Honorable Goodzeit continuous quashing and blocking, the Plaintiff(s) to the ability to obtain any factual discovery evidence, for financial, medical, hospital, and nursing home, documents and records, through subpoenas, for the Decedent. The Honorable Goodzeit knew a crime had been committed upon her court, and she tried to cover it up. The Honorable Goodzeit, dismissing the Plaintiff(s) legal case, without prejudice, trying to say, the Plaintiff(s) hands were unclean, and they have not provided the defendant, their interrogatories answers.

36.     On May 28, 2016, Mrs. Canova filed paperwork, with Aetna Health Insurance Company, for her reconsideration family appeal, with a Dr. Mokrue, to keep the decedent John L. Marchisotto, deceased, admitted at Roosevelt Nursing Home. Mrs. Canova was saying the Decedent was, Mentally and Physically, unable to take care of himself. Plaintiff(s) are entitled to full discovery with regard to their entire case they brought before the Somerset County Court, to clearly prove that Mrs. Canova and Mr. Lepore, Esq., have both acted in bad faith, and their only intent was to deceive, and financially harm, the Decedent, John L. Marchisotto, deceased, and the Plaintiff(s). Mr. Lepore, Esq., and Mrs. Canova, intent was misled the Somerset County Court with numerous filings of false photoshopped copies, of financial documents and tax returns, with changed financial numbers, for the Decedent.

## CONCLUSION

37. Dishonesty is a terrible strategy. Plaintiff(s) knows that judges, are not allowed to 'spot' lies themselves. Even though it's obvious, they have to judge the case, based NOT on their personal experience, knowledge, opinions, or hunches, but only the evidence presented to them. In a perfect world, everyone would always be honest, and the Court would always be able to make a fair decision, based on the cold hard facts. Unfortunately, we do not live in a perfect world. Mr. Louis P. Lepore, Esq., counsel for the Mrs. Canova, has not been honest at all, before the Somerset County court. Mr. Lepore, Esq., has court filed, false, tampered with, and changed financial documents, and supplied has tried to deceive the Plaintiff(s), with false informal, and formal accountings.

38. Mr. Louis P. Lepore, Esq., and Debra E. Canova, Executor / Trustee, have committed perjury before the Somerset County Court. Mr. Lepore and Mrs. Canova, have falsely answered their interrogatories, and have made numerous false written statements and pleadings before the Somerset County Court. Mr. Lepore and Mrs. Canova, fraudulent, changed, copies of Chase, and Fidelity financial documents, copies of 2016, 2017, and 2018 Federal, New Jersey State, and New York State, decedent's tax returns, containing no supporting (1099's, Etc.) documentation, had all been falsely filed, with the Somerset County Court. Mr. Lepore, Esq., had even

fraudulently listed on his Formal Accounting, $140,000 in attorney fees, as a deduction on a 2018 1041 Decedent tax return, and attached Fraudulent fake deposit backs, of checks, from Chase, and Community Savings Bank of Staten Island, that were never processed or passed through the bank, were also filed with Somerset County Court.

39.     Perjury and tampering with evidence, is considered a crime against justice. Federal law classifies perjury as a felony offense, as do many states. Plaintiff(s) MOTION before the Court, to exercise **SUPPLEMENTAL JURISDICTION,** pursuant to 28 U.S.C. §§ 1331, 1343, 1367, over any of Plaintiff(s) state claims, for, "In the Matter of the Irrevocable Trust of John L. Marchisotto, deceased", and for the Court to join, the **REQUIRED JOINDER OF PARTIES** Defendant Louis P. Lepore, Esq., and Debra E. Canova, pursuant to, FRCP RULE 19 and 20, should be Granted. Supplemental Jurisdiction, and Required Joinder of Parties, in U.S. District Court. The purpose of this type of jurisdiction is to "enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (1994).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) prays for judgment against the Defendants, jointly and/or severally, as follows:

40.    Issue injunctive relief for the court to exercise **SUPPLEMENTAL JURISDICTION,** pursuant to 28 U.S.C. §§ 1331, 1343, 1367, over any of Plaintiff(s) state claims, for, "In the Matter of the Irrevocable Trust of John L. Marchisotto, deceased", and for the Court to join, the **REQUIRED JOINDER OF PARTIES** Defendant Louis P. Lepore, Esq., and Debra E. Canova, pursuant to, FRCP RULE 19 and 20.

41,    Issue injunctive relief commanding, Plaintiff(s), to Federal Subpoena's, to any financial accounts, the Decedent "John L. Marchisotto, deceased", had had any interest in, and all account signature changes made, from January 2016 to the Present;

42.    Issue injunctive relief commanding, Plaintiff(s) to Federal Subpoena's, to all of Decedent "John L. Marchisotto, deceased", medical records, hospital records, nursing home records, prescription records,  health insurance plan records, and Certified Home Health Care Records, from January 2016 to October 2016;

43. Issue injunctive relief commanding, Plaintiff(s) to Federal Subpoena's to all of Decedents "John L. Marchisotto, deceased", 2016, 2017, and 2018, U.S. Tax Returns;

44. Issue injunctive relief commanding, Plaintiff(s) to Federal Subpoena's, to Fidelity and Chase, in A.M., J.M., and M.M., minor child names and Social Security Numbers, from January 2016 to Present, for the existence of fraudulent minor child accounts opened or closed in their names by Debra E. Canova.

45. Issue injunctive relief commanding, Plaintiff(s) to Federal Subpoena's, to Prudential Life Insurance in Decedents "John L. Marchisotto, deceased", for all signature changes and policy changes from January 2016 to October 2016;

46. Issue injunctive relief commanding, Plaintiff(s) to a Federal Court Order to obtain Decedent's Comcast emails from March 1, 2016 to April 23, 2018, for Plaintiff(s) Preservation Request Case #927133, of email records for jfm059@comcast.net, that was linked, to all decedent's financial accounts. Debra E. Canova, was fraudulently accessing decedents email account, prior to, and after his death;

47. Issue injunctive relief commanding, Plaintiff(s) to Federal Subpoena's, to Global Security and Investigations, Michael P. Rosano, CFE-MS ECM, Investigator,4 MetroTech 1st Floor, Brooklyn, NY 11245, to obtain

his investigators report on behalf of Chase Bank USA, pertaining to the Decedent, John L. Marchisotto, deceased, accounts, Debra E. Canova, and Mr. Louis P. Lepore, Esq., fraudulent New York State notaries, and continuous openings and closings of Chase accounts and transfers of monies;

48.    An award of Plaintiffs' costs and expenses of this action, in accordance with, 28 U.S.C. § 2412, 42 U.S.C § 1988;

49.    An order that the requested injunctive relief be without a condition of bond or other security being required of Plaintiffs; and

50.    All other relief to which the Plaintiffs may show themselves to be entitled, including costs of courts;

51.    Issue declaratory relief as this Court deems appropriate just.

For all the foregoing reasons, Plaintiff's NOTICE OF MOTION FOR SUPPLEMENTAL JURISDICTION AND JOINDER OF PARTIES, pursuant to 28 U.S.C. §§ 1331, 1343, 1367, and FRCP RULE 19 and 20, should be GRANTED. Oral arguments are respectfully being requested, if motion is opposed, pursuant to fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).

## CERTIFICATION

I hereby certify that, to the best of my knowledge or belief, the foregoing, **MOTION FOR SUPPLEMENTAL JURISDICTION, AND JOINDER OF PARTIES,** are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted this 31st day of May, 2019.


_____

**John F. Marchisotto**, individually, and as
Guardian of **A.M.**, **J.M.**, and **M.M.**, Minors
Pro Se Plaintiffs,
15 Topaz Drive,
Jackson, New Jersey, 08527
(732) 526-7732 Phone / Fax



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

7018 3090 0001 4148 4204

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees

Sent To   **Mr. Frank Bruno, Somerset Surrogate**
Street   **20 Grove Street**
City,   **Somerville, New Jersey, 08876**

PS Form 3800, April 2015 PSN 7530-02-000-9047    See ... for instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

7018 3090 0001 4148 4198

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees

Sent To   **Honorable Margaret Goodzeit**
Street and   **20 North Bridge Street, 4th Floor,**
City, State,   **Somerville, New Jersey, 08876**

PS Form

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

7018 3090 0001 4148 4228

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
Postage
$
Total Postage and Fees

Sent To   **Mr . John W. Thatcher, Esq.**
Street and A   **39 Main Street**
City, State,   **Clinton, New Jersey 08809**

PS Form 3    Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

7018 3090 0001 4148 4211

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees

Sent To   **Mr. Louis P. Lepore, Esq.**
Street and   **885 Huguenot Avenue**
City, State   **Staten Island, New York 10312**

PS Form    Instructions

```
================================================
                  HOWELL
             4170 US HIGHWAY S

                  HOWELL
                   NJ
                07731-9998
                3337709550
5/31/2019      (800)275-8777        10:42 AM
================================================
================================================
Product          Qty  Unit Price    Price
------------------------------------------------
First-Class Mail   1     $2.05      $2.05
Large Envelope
    (Domestic)
    (SOMERVILLE, NJ  08876)
    (Weight:7.70 oz)
    (Estimated Delivery Date)
    (Monday 06/03/2019)
    (USPS Tracking #)
    ( 9507 1066 3596 9151 0627 35)
Certified                           $3.50
    (USPS Certified Mail #)
    ( 7018 3090 0001 4148 4204)
------------------------------------------------
Total:                              $5.55
------------------------------------------------

MasterCard                          $5.55
    (Account #:XXXXXXXXXXXX4623)
    (Approval #)
    (Transaction #:006642)
    (Receipt #:006642)
    (AID:A0000000042203             Chip)
    (AL:Debit)
    (PIN:Not Required              Debit)
------------------------------------------------

       Receipt #: 840-10800360-1-521359-1


      Text your tracking number to 28777
       (2USPS) to get the latest status.
      Standard Message and Data rates may
    apply. You may also visit www.usps.com
    USPS Tracking or call 1-800-222-1811.


              Preview your Mail
             Track your Packages
              Sign up for FREE @
          www.informeddelivery.com


   All sales final on stamps and postage.
   Refunds for guaranteed services only.
        Thank you for your business.
```

```
====================================================
                    HOWELL
               4170 US HIGHWAY 9

                    HOWELL
                     NJ
                  07731-9998
                  3337709550
5/31/2019        (800)275-8777        10:43 AM
====================================================
====================================================
Product            Qty  Unit Price    Price
----------------------------------------------------
First-Class Mail     1     $2.05      $2.05
Large Envelope
    (Domestic)
    (STATEN ISLAND, NY  10312)
    (Weight:7.70 oz)
    (Estimated Delivery Date)
    (Monday 06/03/2019)
    (USPS Tracking #)
    ( 9514 7066 3596 9151 0627 51)
Certified                             $3.50
    (USPS Certified Mail #)
    ( 7018 3090 0001 4148 4211)
Return Receipt                        $2.80
    (USPS Return Receipt #)
    ( 9590 9402 4951 9063 3169 37)
----------------------------------------------------
Total:                                $8.35
----------------------------------------------------

MasterCard                            $8.35
    (Account #:XXXXXXXXXXXX4623)
    (Approval #)
    (Transaction #:006643)
    (Receipt #:006643)
    (AID:A0000000042203               Chip)
    (AL:Debit)
    (PIN:Not Required                Debit)
----------------------------------------------------

       Receipt #: 840-10800360-1-521391-1


      Text your tracking number to 28777
       (2USPS) to get the latest status.
      Standard Message and Data rates may
    apply. You may also visit www.usps.com
    USPS Tracking or call 1-800-222-1811.


              Preview your Mail
             Track your Packages
              Sign up for FREE @
          www.informeddelivery.com


   All sales final on stamps and postage.
   Refunds for guaranteed services only.
        Thank you for your business.
```

```
==================================================
                    HOWELL
               4170 US HIGHWAY 9

                    HOWELL
                      NJ
                  07731-9998
                  3337709550
5/31/2019        (800)275-8777         10:41 AM
==================================================
==================================================
Product          Qty  Unit Price      Price
--------------------------------------------------
First-Class Mail   1      $2.05        $2.05
Large Envelope
    (Domestic)
    (SOMERVILLE, NJ  08876)
    (Weight:7.70 oz)
    (Estimated Delivery Date)
    (Monday 06/03/2019)
    (USPS Tracking #)
    ( 9507 1066 3596 9151 0627 11)
Certified                              $3.50
    (USPS Certified Mail #)
    ( 7018 3090 0001 4148 4198)
--------------------------------------------------
Total:                                 $5.55
--------------------------------------------------

MasterCard                             $5.55
    (Account #:XXXXXXXXXXXXX4623)
    (Approval #)
    (Transaction #:006641)
    (Receipt #:006641)
    (AID:A0000000042203               Chip)
    (AL:Debit)
    (PIN:Not Required                 Debit)
--------------------------------------------------

        Receipt #: 840-10800360-1-521327-1


     Text your tracking number to 28777
       (2USPS) to get the latest status.
      Standard Message and Data rates may
     apply. You may also visit www.usps.com
     USPS Tracking or call 1-800-222-1811.


              Preview your Mail
             Track your Packages
            Sign up for FREE @
           www.informeddelivery.com


     All sales final on stamps and postage.
     Refunds for guaranteed services only.
          Thank you for your business.
```

```
==================================================
                    HOWELL
               4170 US HIGHWAY 9

                    HOWELL
                      NJ
                  07731-9998
                  3337709550
5/31/2019        (800)275-8777         10:45 AM
==================================================
==================================================
Product          Qty  Unit Price      Price
--------------------------------------------------
First-Class Mail   1      $2.05        $2.05
Large Envelope
    (Domestic)
    (CLINTON, NJ  08809)
    (Weight:7.70 oz)
    (Estimated Delivery Date)
    (Monday 06/03/2019)
    (USPS Tracking #)
    ( 9507 1066 3596 9151 0627 73)
Certified                              $3.50
    (USPS Certified Mail #)
    ( 7018 3090 0001 4148 4228)
--------------------------------------------------
Total:                                 $5.55
--------------------------------------------------

MasterCard                             $5.55
    (Account #:XXXXXXXXXXXXX4623)
    (Approval #)
    (Transaction #:006644)
    (Receipt #:006644)
    (AID:A0000000042203               Chip)
    (AL:Debit)
    (PIN:Not Required                 Debit)
--------------------------------------------------

        Receipt #: 840-10800360-1-521424-1


     Text your tracking number to 28777
       (2USPS) to get the latest status.
      Standard Message and Data rates may
     apply. You may also visit www.usps.com
     USPS Tracking or call 1-800-222-1811.


              Preview your Mail
             Track your Packages
            Sign up for FREE @
           www.informeddelivery.com


     All sales final on stamps and postage.
     Refunds for guaranteed services only.
          Thank you for your business.
```